JOHN G. BARRY *vs.* THOMAS J. BARRY, executor, & another.

Suffolk.     March 14, 1902. — April 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Devise*, Construction.

A testatrix at the date of her will owned a house and lot at 18 Oneida Street in Boston and no other real estate. At the time of her death she also owned another house and lot on another street. After disposing of all her personal property, the will provided "I give my real property to my son T. to be held by him in trust," and then contained provisions as to the use of the house at 18 Oneida Street and as to the disposition of the income to be derived from letting a part or the whole of it, followed by a provision for selling the house at 18 Oneida Street "which is the subject of the foregoing trust," when the youngest child of the testatrix should arrive at the age of twenty-one years, and distributing the proceeds. No other real estate was mentioned or referred to in the will. *Held*, that the trust included only the Oneida Street property, and that the after acquired real estate was not disposed of by the will and passed to the heirs at law of the testatrix.

PETITION, filed in the Probate Court for the County of Suffolk February 25, 1901, to determine the construction of the will of Hannah Barry as to whether certain real estate numbered 9 on West Cottage Street in that part of Boston called Roxbury owned by the testatrix at the time of her death was included in a trust created by the fourth article of her will.

In the Probate Court *Grant*, J. made a decree directing the

trustee to apply the terms of the trust only to the property at 18 Oneida Street in Boston named in the fourth article of the will, and declaring that the real estate on West Cottage Street and all real estate acquired after the time of the execution of the will and all the real estate of the deceased except the real estate numbered 18 Oneida Street was not disposed of by the will, but was intestate property and descended to the heirs at law of the deceased, and ordered that it should be dealt with. accordingly. The petitioner appealed.

The case came on to be heard before *Morton*, J., who at the request of the parties reserved it upon the petition, answers, supplemental petition, answers filed in this court, decree of the Probate Court, objections to the decree, and the agreed statement of facts, for the consideration of the full court, such decree to be entered as equity and justice might require.

The will, omitting the introductory and attesting clauses, was as follows :

"First. I give all my household furniture including all books and pictures to my daughter Catherine Barry.

"Second. I give two hundred dollars to my son Thomas J. Barry to be held by him in trust and to be expended by him in purchasing a headstone to be by him on my decease placed over my grave.

"Third. All the rest of my personal property I give to my children Thomas J. Barry, Francis J. Barry, John G. Barry, James F. Barry, Michael W. Barry and Catherine Barry to be divided among them equally share & share alike.

"Fourth. I give my real property to my son Thomas J. Barry to be held by him in trust until my youngest child reaches the age of twenty-one (21) years. If my son Thomas J. Barry desires to live in my house numbered eighteen (18) Oneida Street with his brothers and sister keeping a home with them in said house then he is to pay no rent for the use of that part of said house that he and his brothers and sister may occupy, and if my son Thomas J. Barry lives in said house as hereinbefore stated then the rent and income he will receive from the remainder of the house after the payment of taxes and necessary expenses is to be used by him for the support and education of my son Michael W. Barry until he arrives at the age of eighteen (18) years,

and of my daughter Catherine Barry until she arrives at the age of twenty-one (21) years if she remains unmarried : If my said daughter Catherine Barry marries before she arrives at the age of twenty-one (21) years then she is not to receive any of said rent and income of said house after her marriage. The rent and income received from said property is to be divided and used in equal amounts for the support and education of my said children Michael W. Barry and Catherine Barry should my son Michael W. Barry die before he arrives at the age of eighteen (18) years leaving his sister Catherine Barry surviving him then said Catherine is to receive the entire amount of said rent and income until she arrives at the age of twenty-one (21) years or unless she marries as hereinbefore stated: should my said daughter Catherine marry or die before she arrives at the age of twenty-one (21) years my said son, Michael W. Barry surviving then the entire amount of said rent and income of said property is to be used by my said Trustee in the support and education of my said son Michael W. Barry until he arrives at the age of eighteen (18) years: should my son Thomas J. Barry upon my death give up keeping a home for his brothers and sister in my house numbered eighteen (18) Oneida Street and live elsewhere then I direct him as my said Trustee to use the rent and income of said house eighteen (18) Oneida Street after the payment of taxes and the necessary expenses is to be used by him for the support and education of my son Michael W. Barry until he arrives at the age of eighteen years (18), and of my daughter Catherine Barry until she arrives at the age of twenty-one (21) years if she remains unmarried : If my said daughter Catherine Barry marries before she arrives at the age of twenty-one (21) years then she is not to receive any of said rent and income of said house after her marriage : The rent and income received from said property is to be divided and used in equal amounts for the support and education of my said children Michael W. Barry and Catherine Barry, should my son Michael W. Barry die before he arrives at the age of eighteen (18) years leaving his sister Catherine Barry surviving him then said Catherine is to receive the entire amount of said rent and income until she arrives at the age of twenty-one (21) years or unless she marries as herein before stated: should my said daughter Catherine Barry marry or

die before she arrives at the age of twenty-one (21) years leaving my said son Michael W. Barry surviving then the entire amount of said rent and income of said property is to be used by my said Trustee in the support and education of my said son Michael W. Barry until he arrives at the age of eighteen (18) years. When my youngest child shall arrive at the age of twenty-one (21) years, I direct my said Trustee to sell said real property numbered eighteen (18) Oneida Street which is the subject of the foregoing trust and I direct him to divide the proceeds of said sale free from any trust as follows: I give the sum of One thousand ($1000.) to my son Thomas J. Barry, I give the sum of one thousand ($1000.) to my daughter Catherine Barry and the balance of the said proceeds if there be any remaining to be divided among my remaining children share and share alike: should my said real property numbered eighteen (18) Oneida Street at a sale as hereinbefore authorized by my Trustee bring the sum of two thousand ($2000.) dollars or less then I direct my said Trustee to divide the money received from such sale of said property of two thousand ($2000.) or less equally between my son Thomas J. Barry and my daughter Catherine Barry share and share alike.

"Fifth. I nominate and appoint my son Thomas J. Barry to be the guardian of my three youngest children James F. Barry, Michael W. Barry, and Catherine Barry.

"Sixth. I nominate and appoint my said son Thomas J. Barry to be the Executor hereof and I request that he be exempt from furnishing a surety or sureties on his official bond as such Executor, Trustee and Guardian."

*M. L. Jennings & S. A. Jennings*, for the petitioner.

*M. J. Creed & J. P. Crosby*, for the respondents.

HAMMOND, J. This is a very plain case. It is unnecessary to recite in detail the language of the will. It is clear that the provisions of the trust created in the fourth clause are applicable only to the Oneida Street estate. In one part of the clause this estate is expressly designated as "the subject of the foregoing trust." The real estate subsequently acquired by the testatrix formed no part of the trust estate.

*Decree affirmed.*